PAUL J. FISHMAN
United States Attorney
LEAH A. BYNON
Assistant U.S. Attorney
970 Broad Street, Room 700
Newark, NJ 07102
(973) 645-2736

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          *Plaintiff,*<br>v.<br><br>SUN HEE LIM,<br><br>          *Defendant.* | Hon. Peter G. Sheridan<br><br>*Criminal No. 07-492-08*<br><br>**PETITION FOR PARTIAL PAYMENT OF RESTITUTION FROM BOND PROCEEDS** |

Comes now the Plaintiff, United States of America, by Leah A. Bynon, Assistant U.S. Attorney and for its petition states:

1. On December 12, 2008, the defendant was sentenced to 20 months of imprisonment on Count 1 and ordered to pay a $1,145,621.77 restitution and a $100.00 special assessment. (Exhibit A)

2. The defendant has paid his $100.00 special assessment and $225.00 towards the restitution, leaving a balance of $1,150,311.60 remaining.

-2-

3.     The U.S. District Court Clerk has in its registry $10,000.00 which was deposited by the defendant on or about January 9, 2008, as a condition of his release to secure a $100,000.00 bond. (Exhibit B)

WHEREFORE, the United States of America moves this Court pursuant to 28 U.S.C. §2044, to enter an Order in the above entitled cause directing the Clerk of this Court to pay over the $10,000.00 currently on deposit by the defendant, in Case No. 07-492-08 (Criminal No. 07-492), Recognizance No. NEW1489 as aforesaid to the United States for application to the restitution due from the defendant.

                                        PAUL J. FISHMAN
                                        UNITED STATES ATTORNEY


                                 By:    LEAH A. BYNON
                                        Assistant U.S. Attorney

PAUL J. FISHMAN
United States Attorney
LEAH A. BYNON
Assistant U.S. Attorney
970 Broad Street, Room 700
Newark, NJ 07102
(973) 645-2736

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Hon. Peter G. Sheridan |
| Plaintiff, | Criminal No. 07-492-08 |
| v. | |
| **SUN HEE LIM,** | **ORDER FOR PARTIAL PAYMENT OF RESTITUTION FROM REGISTRY OF COURT** |
| Defendant. | |

Upon consideration of the motion of Paul J. Fishman, United States Attorney for the District of New Jersey by and through Leah A. Bynon, Assistant U.S. Attorney, and this Court being fully advised in the premises:

IT IS HEREBY ORDERED that the Clerk of the United States District Court for the District of New Jersey, is directed to pay over forthwith to the Treasurer of the United States the sum of $10,000.00, deposited in the Registry of the Court by Defendant, Sun Hee Lim, in connection with the Appearance Bond executed by said defendant

-2-

in Case No. 07-492-08 (Criminal No. 07-492) as partial payment on the restitution owed by the defendant in this case.

Dated this ~~January day of~~ 2 5 , 2010.

_____
PETER G. SHERIDAN, JUDGE
UNITED STATES DISTRICT COURT

AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

SUN HEE LIM

Defendant.

Case Number   Cr. 07-492-08

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, SUN HEE LIM, was represented by Raymond F. Flood, Esq.

On motion of the United States the court has dismissed count(s) 24 and 25.

The defendant pled guilty to count(s) One of the INDICTMENT on September 26, 2008. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18 USC 1344 | Conspiracy to Commit Bank Fraud | February 2004 through in or about November 2005 | One |

As pronounced on December 12, 2008, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count(s) One, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 30 day of ~~JANUARY, 2009~~ December, 2008.

PETER G. SHERIDAN
United States District Judge

07024

Case 3:07-cr-00492-PGS Document 154 Filed 02/02/10 Page 7 of 16 PageID: 499
Case 2:07-cr-00492-PGS Document 114 Filed 12/30/08 Page 2 of 6

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Judgment – Page 2 of 6

Defendant: SUN HEE LIM
Case Number: Cr. 07-492-08

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 20 Months.

The Court makes the following recommendations to the Bureau of Prisons: An Institution close to defendants' home.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons February 11, 2009 at 9:00 a.m.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Case 3:07-cr-00492-PGS   Document 154   Filed 02/02/10   Page 8 of 16 PageID: 500
Case 2:07-cr-00492-PGS   Document 114   Filed 12/30/08   Page 3 of 6

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Judgment – Page 3 of 6

Defendant: SUN HEE LIM
Case Number: Cr. 07-492-08

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

Based on information presented, the defendant is excused from the mandatory drug testing provision, however, may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

The defendant shall provide the U.S. Probation Office with full disclosure of her financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of her financial dealings and shall provide truthful monthly statements of her income.

The defendant shall cooperate with Immigration and Customs Enforcement to resolve any problems with her status in the United States. The defendant shall provide truthful information and abide by the rules and regulations of Immigration and Customs Enforcement. If deported, the defendant shall not re-enter the United States without the written permission of the Attorney General. If the defendant re-enters the United States, she shall report in person to the nearest U.S. Probation Office within 48 hours.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the restitution obligation or otherwise has the express approval of the Court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Case 3:07-cr-00492-PGS   Document 154   Filed 02/02/10   Page 9 of 16 PageID: 501
Case 2:07-cr-00492-PGS   Document 114   Filed 12/30/08   Page 4 of 6

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment – Page 4 of 6

Defendant: SUN HEE LIM
Case Number: Cr. 07-492-08

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
                    Defendant                    Date

_____
U.S. Probation Officer/Designated Witness      Date

Case 3:07-cr-00492-PGS  Document 154  Filed 02/02/10  Page 10 of 16 PageID: 502
Case 2:07-cr-00492-PGS  Document 114  Filed 12/30/08  Page 5 of 6

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Judgment – Page 5 of 6

Defendant: SUN HEE LIM
Case Number: Cr. 07-492-08

# RESTITUTION AND FORFEITURE

## RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee (Victim) | Amount of Restitution |
|---|---|
| Banco Popular North America<br>120 Broadway, 15th Floor<br>New York, NY 10271<br>Attn: Ann LaCarrubba, Esq.<br>Vice President & Senior Legal Counsel | $211,750.00 |
| JP Morgan Chase<br>Legal & Compliance Department<br>194 Wood Avenue South<br>Iselin, NJ 08830<br>Attn: Hee Cho, Vice President | $198,303.00 |
| Commerce Bank (TD Bank)<br>c/o Brendan Judge<br>Connell Foley LLP<br>85 Livingston Avenue<br>Roseland, NJ 07068-3702 | $117,845.61 |
| Fleet National Bank (Bank of America)<br>208 Harristown Road<br>Glen Rock, NJ 07452<br>Attn: Ann F. Staar, Vice President | $149,514.03 |
| TD Banknorth (Hudson United Bank)<br>Legal Department<br>Two Portland Square<br>P.O. Box 9540<br>Attn: Jeremy M. Porter | $35,210.35 |
| HSBC Bank U.S.A., N.A.<br>Corporate Security Investigations Unit<br>260 North Avenue, 2d Floor<br>New Rochelle, NY 10801<br>Attn: William Fogarty | $61,588.65 |

(See attached sheet)

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 3:07-cr-00492-PGS Document 154 Filed 02/02/10 Page 11 of 16 PageID: 503
Case 2:07-cr-00492-PGS Document 114 Filed 12/30/08 Page 6 of 6

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Judgment — Page 6 of 6

Defendant: SUN HEE LIM
Case Number: Cr. 07-492-08

| | |
|---|---|
| PNC Bank<br>Firstside Center<br>500 First Avenue<br>Pittsburgh, PA 15219 | $242,740.79 |
| Wachovia Bank<br>1 New York Plaza<br>14th Floor<br>New York, NY 10004<br>Attn: Vincent Bowes | $128,669.34 |
| Total | $1,145,621.77 |

Payments of restitution are to be made payable to **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608 for distribution to the victim(s).

The amounts ordered represent the total amounts due to the victims for these losses. The defendant's restitution obligations shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after the sums of the amounts actually paid by all defendants has fully satisfied these losses. The following defendant(s) in the following case (s) may be subject to restitution orders to the same victims for these same losses:

Jacob Kim          Cr. No. 07-492-01

The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP). If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $500, to commence 30 days after release from confinement.

The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 98  (Rev. 12/03) Appearance Bond

# UNITED STATES DISTRICT COURT

for the _____ District of _____ New Jersey

NEW 1489

UNITED STATES OF AMERICA
        v.                    **CANCELED OF RECORD**    APPEARANCE BOND

SUN HEE LIM                   JUL 1 0 2009
    Defendant
                              WILLIAM T. WALSH, CLERK   Case Number:   07-492 - 08
                              PER _____ DEPUTY

Non-surety: I, the undersigned defendant acknowledge that I and my ...
Surety: We, the undersigned, jointly and severally acknowledge that we and our ...
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ __100,000 secured in cash__ / __10% cash__ _____ (describe other security.)

The conditions of this bond are that the defendant _____ SUN HEE LIM _____
                                                                      (Name)

is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment, may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on _____ January 9, 2008 _____ at _____ U.S. District Court, Newark, NJ 07102 _____
                              Date                              Place

Defendant _____        Address __19 Henry Street Fort Lee NJ__

Surety _____            Address _____

*Affidavit of ownership of Cash Surety missing and receipt. Was this money Posted?*

'08
_____
/Clerk

AO 98  (Rev. 12/03) Appearance Bond

# UNITED STATES DISTRICT COURT
## for the
## New Jersey

NEW 1419

UNITED STATES OF AMERICA
V.

SUN HEE LIM
**Defendant**

APPEARANCE BOND

Case Number: 07-492-08

JAN 15 20—

> Dear Jess Wilson
> I do not have a copy of affidavit. But here is the receipt. Hope this helps.
> Lorraine

Non-surety: I, the undersigned defendant ...
Surety: We, the undersigned, jointly and ... and our ...
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ __100,000__ secured in ___ for __10% cash__ _____ (describe other security.)

The conditions ...

is to appear be ...                                                                          ny and all
orders and di ...                                                                            dition of
defendant's n ...                                                                            defendant
may be held t ...                                                                            rendering
to serve any s ...

It is agreed an ...                                                                          nue until
such time as tl ...

If the defendar ...                                                                          then this
bond is to be v ...                                                                          nd shall
be due forthwi ...                                                                           t Court
having cogniza ...                                                                           re is not
set aside or rem ...                                                                         ntly and
severally for th ...                                                                         ured as
provided by the ...

Receipt stub (center):
Mon Jan 14 13:14:16 2008
UNITED STATES DISTRICT COURT
NEWARK
Receipt No. Cashier: 208 359854 ccarlisi
Tender Type: CHECK
Check Number: 11083365
Transaction Type: C
Case No./Def No.: 3:07-CR-492-08/
Div No: 2
DO Code: 4638
Amount: $10000.00
BAIL - SUN HEE LIM, DEFT. - 07CR492-08
Acct 604700
$10000.00
SUN HEE LIM

This bond is signed on __January 9, 2008__ at __U.S. District Court, Newark, NJ 07102__
                            Date                              Place

Defendant _[signature]_____ Address __19 Henry Street Fort Lee N__

Surety _____ Address _____

Surety _____ Address _____

Signed and acknowledged before me on __January 9, 2008__
                                         Date

                                                 _Lorraine McNew_ [signature]
                                                 Judge/Clerk

Approved: _[signature]_____
          Judicial Officer

```
[recog]                 JUDGMENT & RECOGNIZANCE MGT. VER2    13 JUL 2009 - 09:43
[M]ODIFY                       RECOGNIZANCE LOG SCREEN

RECOGNIZANCE NUMBER: NEW1489        CASE NUMBER: 07CR492
DEFENDANT'S NAME
    LAST: LIM                    FIRST: SUN            MID: HEE
    CORP:
 ADDRESS: 19 HENRY ST.
    CITY: FORT LEE               STATE: NJ       ZIP CODE:
----------------------------------------------------------------------
AMOUNT BOUND :      100,000.00 AMOUNT DEPOSITED:       10,000.00
REAL PROPERTY :
              :
              :
RELEASE PROPERTY DATE: **/**/****
RELEASE PROPERTY RMKS:
        FILE DATE    : 01/09/2008     FORFEIT DATE  : **/**/****
        OFFICE CODE  : 2 NEWARK       CANCELLED DATE: 07/10/09

REMARKS : NO AFFIDAVIT OF OWNERSHIP OF CASH SURETY SUBMITTED OR RECEIP
SURETIES? Y                        create> 02/08/2008  update> 07/13/2009
```

```
7-13-09; 9:44AM;USDC NJ Nwk. Clk Ofc                              ;9736456659              #  4/ 11


[surety]            JUDGMENT & RECOGNIZANCE MGT. VER2   13 JUL 2009 - 09:45
[I]NQUIRE                    SURETY SCREEN
RECOGNIZANCE NUMBER: NEW1489    ID> 1       CASE NUMBER> 07CR492

DEFENDANT> LIM                                                    update>
         >                                                        **/**/****
---------------------------------------------------------------------------
SURETY 1:          SUN HE LIM                                     create>
STREET ADDRESS: 19 HENRY ST.                                      02/08/2008
        CITY: FORT LEE            STATE: NJ  ZIP CODE:
COLLATERAL    : $10,000 CASH


SURETY 2:
STREET ADDRESS:
        CITY:                     STATE:     ZIP CODE:
COLLATERAL    :


SURETY 3:
STREET ADDRESS:
        CITY:                     STATE:     ZIP CODE:
COLLATERAL    :
[N]EXT, [P]REVIOUS, [S]TOP
searched:      1 selected:     1 current:     1
```